United States District Court
Southern District of Texas
**ENTERED**
June 04, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MATTHEW THOMAS JONES, SPN #02885720, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § | Civil Action No. H-19-0628 |
| HARRIS COUNTY, | § § § | |
| *Defendant.* | § § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, filed this section 1983 lawsuit against Harris County for alleged violations of his constitutional rights.

Having screened the complaint as required by section 1915, the Court dismisses this lawsuit for the reasons explained below.

### I. BACKGROUND AND CLAIMS

Plaintiff is in custody of the Harris County Sheriff's Office awaiting trial on felony and misdemeanor charges for forgery, possession of child pornography, super aggravated sexual assault of a child under the age of six, making terroristic threats to family or household, and online solicitation of a child under the age of fourteen. At the time of his arrest, plaintiff was on deferred adjudication supervised release pursuant to a 2017 charge for enticing a child with intent to commit a felony.

Plaintiff complains that he has been denied pretrial bonds in his felony cases and speedy trials following his arrest in July 2018. He further complains that he was denied "problem cause court" after his arrest. He seeks $75,000.00 in monetary compensation for these alleged denials of his constitutional rights.

## II. ANALYSIS

A.  Section 1915

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the Court is required to scrutinize the claims and dismiss his complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009). When reviewing a *pro se* plaintiff's complaint, a court must construe the allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).

B. Denial of Pretrial Bond

A pretrial bond was set in plaintiff's pending misdemeanor case, but not in his four pending felony cases.[1] Plaintiff contends that these denials of felony pretrial bonds violated his constitutional rights under the Eighth Amendment. Plaintiff limits his request for judicial relief to recovery of monetary compensation from Harris County, and does not seek prospective or other non-monetary relief.

Plaintiff's argument is misplaced. The Excessive Bail Clause of the Eighth Amendment provides that "[e]xcessive bail shall not be required." U.S. CONST., amend. VIII. But the Eighth Amendment "says nothing about whether bail shall be available at all." *United States v. Salerno*, 481 U.S. 739, 752 (1987); *see also Butler v. Harris County Jail*, 2019 WL 1438291, at *2 (S.D. Tex. Mar. 29, 2019) (dismissing for failure to state a claim pretrial detainee's Eighth Amendment claim for denial of felony pretrial bond). Consequently, plaintiff's allegation that the state district judges denied him felony pretrial bonds does not, standing alone, establish an actionable Eighth Amendment violation for purposes of section 1983. *See Carlson v. Landon*, 342 U.S. 524, 545–46 (1952) ("[The

---

[1] The online records in plaintiff's felony cases show that the State moved for denial of pretrial bonds under Article I, section 11a of the Texas Constitution. This provision allows a state court to deny pretrial bonds for individuals such as plaintiff who are charged with a sexual offense while on deferred adjudication. Plaintiff does not claim that application of this provision denied him Fourteenth Amendment due process, nor has he pursued state habeas relief for due process violations premised on denial of felony pretrial bonds. *See, e.g., Potts v. State*, 2016 WL 4486804, at *1 (Tex. App. – Houston [1st Dist.] Aug. 25, 2016, no pet.) (noting that proper method for challenging denial of pretrial bond is by habeas corpus). Article I, section 11a of the Texas Constitution also allows preferential appeal of orders denying pretrial bonds under its provisions.

3

Excessive Bail Clause] has never been thought to accord a right to bail in all cases, but merely to provide that bail shall not be excessive in those cases where it is proper to grant bail.").

Plaintiff's factual allegations raise no viable claim for violation of the Eighth Amendment, and his claim is **DISMISSED WITHOUT PREJUDICE**.

C. Probable Cause Hearing

Plaintiff further complains that he did not appear at "problem cause court," and that no probable cause for his detention was found. Plaintiff contends that this violated his due process and Fifth Amendment rights. The Court presumes that, by "problem cause court," plaintiff is referring to an initial probable cause hearing before a magistrate.

A capias for plaintiff's arrest in his pending misdemeanor case was issued on July 1, 2018, and he was arrested on July 2, 2018. A magistrate found probable cause for plaintiff's detention and set a pretrial bond that same date. The public court records in plaintiff's four pending felony prosecutions show that criminal complaints were filed against him in three of the cases on July 2, 2018, and that a magistrate found probable cause for plaintiff's detention that same date. In the fourth felony case, a criminal complaint was filed on July 24, 2018, when plaintiff was already in custody for the three earlier cases. Plaintiff was subsequently indicted in the felony cases, providing probable cause for his detention. *See, e.g., Harvey v. Bexar Cty. Sheriff's Dep't*, 753 F. App'x 305, 307 (5th Cir. 2018) ("Because Harvey had been indicted, probable cause existed to support the detention.").

4

Plaintiff's factual allegations raise no viable due process or Fifth Amendment violation, and his claim is **DISMISSED WITHOUT PREJUDICE**.

D. Speedy Trial

Plaintiff claims that the state district courts ignored his motions for speedy trial and violated his right to speedy trials under the Sixth Amendment.

Public online records in his pending state criminal prosecutions reveal that plaintiff filed his speedy trial motions *pro se*, although he was represented by counsel at the time. The state district courts had no duty to rule on plaintiff's hybrid motions, as plaintiff had no constitutional entitlement to hybrid representation. *See United States v. Williams*, 667 F. App'x 489 (5th Cir. 2016); *see also United States v. Daniels*, 572 F.2d 535, 540 (5th Cir. 1978) (explaining "hybrid representation" as representation "partly by counsel and partly by [defendant]"). Consequently, plaintiff had no right to file the *pro se* speedy trial motions on his own behalf, and they provide him no basis for relief in this lawsuit.

Plaintiff's factual allegations raise no speedy trial violation, and his claim is **DISMISSED WITHOUT PREJUDICE**.

E. Judicial Immunity

Plaintiff asserts that the state courts in his pending criminal cases denied him pretrial bonds and speedy trials. Given a very liberal construction, plaintiff's complaint could be viewed as raising section 1983 claims against the state trial judges in his pending prosecutions.

5

To any extent plaintiff seeks damages against these state district judges in their individual capacities, his claims are barred by judicial immunity. *See, e.g., Herring v. Mayfield*, 51 F.3d 1043 (5th Cir. 1995) ("Herring's allegations against Judge Mayfield are based upon Judge Mayfield's actions in conducting a bond hearing and setting the amount of the bond, which is within the scope of her jurisdiction, thus affording her absolute judicial immunity."). In denying pretrial bonds and ruling – or not ruling – on pretrial motions, the state court judges were taking judicial actions within the scope of their authority, and plaintiff does not allege that they acted in complete absence of jurisdiction. *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991).

Plaintiff's claims brought against the state district judges in his pending prosecutions in their individual capacities are **DISMISSED WITHOUT PREJUDICE** for failure to state a viable claim for relief under section 1983.

F.   Municipal Liability

Harris County, the sole named defendant in this case, may be held liable under section 1983 to the same extent as would a municipality. *See Hampton Co. Nat'l Sur., LLC v. Tunica Cty.*, 543 F.3d 221, 224 (5th Cir. 2008); *Brady v. Fort Bend County*, 145 F.3d 691 (5th Cir. 1998).

A municipality may be liable under section 1983 if the execution of one of its customs or policies deprived a plaintiff of his constitutional rights. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690–91 (1978). Municipal liability under section 1983 requires proof of three

elements: a policy maker; an official policy; and a violation of constitutional rights whose "moving force" is the policy or custom." *Id.* at 694; *see also Valle v. City of Houston*, 613 F.3d 536, 541– 42 (5th Cir. 2010). Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law. *Monell*, 436 U.S. at 691–95.

Plaintiff pleads none of these elements, and no claim is raised against Harris County upon which judgment may be granted under section 1983. Plaintiff's claims against Harris County are **DISMISSED WITHOUT PREJUDICE**.

### III. CONCLUSION

This lawsuit is **DISMISSED WITHOUT PREJUDICE** for failure to raise a viable claim for relief under section 1983. Any and all pending motions are **DENIED AS MOOT**.

This dismissal constitutes a "strike" for purposes of section 1915(g).

The Clerk is to provide a copy of this order to plaintiff and to the United States District Court for the Southern District of Texas, Houston Division, Attention: Three-Strikes List Manager, at the following email: Three_Strikes@txs.uscourts.gov.

**SIGNED** at Houston, Texas on the 31st day of May, 2019.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE